UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 24-04031 PSG (SKx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Lilly D. Hill v. Nissan North America, Inc. | | |

Present: The Honorable  Philip S. Gutierrez, United States District Judge

| Derek Davis | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (In Chambers):** Order GRANTING Plaintiff's motion to remand the case to Los Angeles County Superior Court. [ECF 10]

Before the Court is Plaintiff Lucy D. Hill's ("Plaintiff") motion to remand this case to Los Angeles County Superior Court. *See* Dkt. # 10 ("*Mot.*"). Plaintiff's motion also seeks an order to show cause from the Court pursuant to Federal Rule of Civil Procedure ("Rule") 11(c)(3). *Id.* Defendant Nissan North America, Inc. ("Defendant") opposed, *see* Dkt. #11 ("*Opp.*"), and Plaintiff replied. *See* Dkt # 12 ("*Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's request for an order to show cause.

I. Background

Plaintiff purchased a 2021 Nissan Sentra from Defendant on May 8, 2021. *See Complaint*, Dkt. # 1-2 ("*Compl.*"), ¶ 11. With the purchase, Plaintiff received several warranties on the vehicle. *Id.* ¶¶ 11–12. Plaintiff alleges that the car had serious defects at the time of delivery and developed additional defects after delivery. *Id.* ¶ 13.

On May 15, 2023, Plaintiff filed a suit in the Los Angeles County Superior Court, bringing four causes of action:

> First cause of action: Violation of Song-Beverly Consumer Warranty Act ("Song-Beverly Act")—Breach of Express Warranty, Cal. Civ. Code §§ 1790, et seq. *Id.* ¶¶ 81–95.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04031 PSG (SKx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Lilly D. Hill v. Nissan North America, Inc. | | |

<u>Second cause of action</u>:  Violation of Song-Beverly Act—Breach of Implied Warranty, Cal. Civ. Code §§ 1790, et seq.  *Id.* ¶¶ 96–108.

<u>Third cause of action</u>:  Violation of Song-Beverly Act—Failure to maintain, Cal. Civ. Code § 1793.2.  *Id.* ¶¶ 109–22.

<u>Fourth cause of action</u>:  Fraud, fraudulent inducement, and/or concealment.  *Id.* ¶¶ 123–41.

On August 8, 2023, Defendant answered the Complaint, *see Answer*, Dkt # 1-3 ("*Answer*").  On January 24, 2024, Plaintiff served a case management statement ("CMS") on Defendant, which expressly indicated that Plaintiff's damages under the Song-Beverly Act § 1793.2 are in excess of $50,000, notwithstanding the treble damages available under § 1794(c), and that attorneys' fees up to that point were at least $20,000.  *See* Dkt # 10-6 ("*CMS*").  On May 14, 2024, Defendant removed the case to this Court, invoking the Court's diversity jurisdiction.  *See Notice of Removal*, Dkt # 1 ("*NOR*").  Defendant asserts that it was not until after the conclusion of its own investigation, on May 6, 2024, did it have notice that the amount in controversy was over $75,000.  *Id.* 2:3–7.

Plaintiff now brings this motion requesting that the Court remand the case to the Los Angeles County Superior Court for being untimely and issue an order to show cause pursuant to Rule 11(c)(3), requiring that Defendant shows cause why their conduct in removing the case has not violated Rule 11(b).  *See Mot.*

II.   <u>Legal Standard</u>

Defendants may generally remove any case filed in state court over which the federal district courts have original jurisdiction.  *See* 28 U.S.C. § 1441(a).  To remove a case, the defendant must file a notice of removal in federal court.  *Id.* § 1446(a).  The notice of removal must be filed either (1) within thirty days after the defendant receives the initial pleading *or* (2) "if the case stated by the initial pleading is not removable," within thirty days after the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(2)(A)–(3); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93 (9th Cir. 2005).  Under the "unequivocally clear and certain" standard, an amended pleading, motion, order, or other paper must make a ground for removal unequivocally clear and certain before the removal clock begins under the second pathway of § 1446(b)(3).  *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1095 (9th Cir. 2021).  Statements by a plaintiff's counsel do not qualify unless they reflect a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04031 PSG (SKx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Lilly D. Hill v. Nissan North America, Inc. | | |

"reasonable estimate" of the relief requested by the plaintiff. *See Cohn v. PetSmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The statute requires a defendant to apply a reasonable amount of intelligence in ascertaining removability; multiplying or adding figures clearly stated in a complaint is an aspect of that duty. *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136 (9th Cir. 2013).

"A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand."). Although a district court lacks the authority to remand a case sua sponte for procedural defects, *see Corona-Contreras v. Gruel*, 957 F.3d 1025, 1029 (9th Cir. 2017), and the Ninth Circuit has found that the time limits for removal are procedural, not jurisdictional, *see Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980), the court may remand upon a timely motion to remand, *see Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) ("Because procedural defects are waivable, a district court lacks authority to remand based on the defendant's violation of § 1446(b)'s . . . time limitation absent a timely filed motion to remand.").

III. Discussion

A. Timeliness

The dispute between the parties centers on whether the Plaintiff's CMS qualified as an "unequivocally clear and certain" "other paper" in respect of the value of the case within the meaning of 28 U.S.C. § 1446(b)(3), such that it provided Defendant with notice of the case's removability on January 24, 2024.[1] The CMS includes following text: "Plaintiff seeks rescission of the purchase contract, restitution of all monies expended for the vehicle, incidental and consequential damages, civil penalties in the amount of two times Plaintiff s actual damages, diminution in value, prejudgment interest, reasonable attorneys' fees and costs of suit, general, special, and actual damages according to proof at trial. Plaintiff's restitution damages are in excess of $50,000.00 and attorney's fees and costs are currently in excess of $20,000.00." *CMS*. Because civil penalties can be as much as twice the amount of damages, *see* Cal. Civ. Code § 1794(c),[2] the amount in controversy is about $170,000 dollars.

---

[1] Plaintiff does not attempt to argue that the amount in controversy was clear from the face of the complaint.

[2] Courts are split as to whether to consider the maximum civil penalty in the amount in controversy. *See, e.g., Castillo v. Nissan N. Am., Inc.*, No 2:23-cv-10473-MCS-PVC, 2024 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04031 PSG (SKx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Lilly D. Hill v. Nissan North America, Inc. | | |

      Defendant argues that the CMS was not unequivocally clear and certain, in part because it is "boilerplate" and is reproduced essentially verbatim in many unrelated cases filed by Plaintiff's attorneys with varying amounts in controversy. *See Opp.* 1:13–23, 3:11–4:8. Plaintiff points out, however, that Defendant has successfully relied on essentially the same CMS as an "other paper" and basis for removal in several such unrelated cases. Plaintiff further argues that the Defendant's own investigation, carried out later, found that the amount in controversy was $122,676.54, *see NOR*, demonstrating that the CMS was indeed a "reasonable estimate" of damages in this case, *see Cohn v. PetSmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

      The Court agrees with Plaintiff. The language of the CMS was unequivocally clear and certain, as the explicit numbers could be easily added up to show that the amount in controversy is well over the $75,000 threshold. Defendant cites to no authority indicating that just because the language is boilerplate it is inaccurate. If anything, attorneys that regularly file lawsuits against Defendant likely have a very good idea of what a likely range for the amount in controversy would be, and have accordingly crafted their regular filings to their niche. Moreover, Defendant cannot have it both ways by relying on the CMS in one case, *see Plaintiff's Request for Judicial Notice*, Dkt. # 12-2 (collecting cases),[3] and ignoring it in another.

      As a result, Defendant's thirty-day clock started on January 24, 2024, when it received Plaintiff's CMS. Defendant's removal on May 14, 2024 was thus untimely, and because Plaintiff has timely challenged the removal, the Court must remand the case.

---

1135663, at *2 (C.D. Cal. Feb. 28, 2024). But because the stated damages and attorneys' fees already incurred by January 2024 amount to $70,000, the Court can assume far less than the maximum in civil penalties for the amount in controversy to be met.

[3] The Court takes judicial notice of the cases provided by Plaintiff. *See* Fed. R. Evid. 201(b) (authorizing a court to take judicial notice of facts that (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned); *id.* 201(d) (authorizing judicial notice "at any stage of the proceeding"); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (holding that court records are proper for taking of judicial notice).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04031 PSG (SKx) | Date | June 20, 2024 |
|---|---|---|---|
| Title | Lilly D. Hill v. Nissan North America, Inc. | | |

B.  Order to Show Cause

There is a strong presumption against the imposition of sanctions for invoking the processes of the law.  *See Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1344 (9th Cir. 1988) (quoting *Talamini v. All-State Insurance Co.*, 470 U.S. 1067 (1995)).  The Court does not find it necessary to issue an order to show cause under Rule 11(c)(3) in this case.

IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's request for an order to show cause.

**IT IS SO ORDERED.**